UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MELVIN LAX,<br><br>Plaintiff,<br><br>v.<br><br>PALOMAR MEDICAL TECHNOLOGIES, INC., JOSEPH CARUSO, LOUIS P. VALENTE, JEANNE COHANE, DAMIAN N. DELL'ANNO, NICHOLAS P. ECONOMOU PH.D., JAMES G. MARTIN, A. NEIL PAPPALARDO, CYNOSURE, INC. and COMMANDER ACQUISITION CORP.,<br><br>Defendants. | Civil Action No. 13-11276 |

## STIPULATION AND JOINT MOTION TO STAY PROCEEDINGS PENDING SETTLEMENT APPROVAL

Plaintiff Melvin Lax (the "Plaintiff") and Defendants Palomar Medical Technologies, Inc., Joseph Caruso, Louis P. Valente, Jeanne Cohane, Damian N. Dell'Anno, Nicholas P. Economou, James G. Martin, A. Neil Pappalardo, Cynosure, Inc., and Commander Acquisition Corp.[1] (collectively, the "Defendants," and, together with Plaintiff, the "Parties") state as follows:

WHEREAS, on May 28, 2013, Plaintiff in his individual capacity as a shareholder of Palomar Medical Inc. ("Palomar") filed the complaint (the "Complaint") in the above-referenced action (the "*Lax* Action") asserting claims under state and federal law challenging the acquisition of Palomar by an affiliate of Cynosure, Inc. ("Cynosure");

---

[1] Commander Acquisition Corp. is now known as Commander Acquisition, LLC.

*Allowed. This case is hereby STAYED. The parties shall, by December 2, 2013, report whether the settlement of the Delaware case has been approved and whether this case may be dismissed. /s/ MRW USDJ 10/24/13*

WHEREAS, prior to the filing of the Complaint, beginning on March 21, 2013, five plaintiffs had filed separate complaints on behalf of a putative class of Palomar shareholders that contained substantially similar allegations, and sought similar relief, in the Delaware Court of Chancery and Massachusetts Superior Court, which cases were thereafter consolidated in separate actions captioned, respectively, *In re Palomar Medical Technologies Shareholder Litigation*, C.A. No. 8491-VCP (Del. Ch.) (the "Delaware Class Actions") and *Calin, Gusinky Living Trust, & Saffer v. Palomar Medical Technologies, Inc. et al.*, Nos. 13-1051-BLS1, 13-1328-BLS1, 13-1385-BLS1 (Mass. Super. Ct.) (the "Massachusetts Class Actions");

WHEREAS, on May 12, 2013, the parties to the Delaware Class Actions reached agreement to pursue expedited discovery in anticipation of briefing a preliminary injunction motion. Beginning on May 13, 2013, the parties exchanged documents and the plaintiffs in the Delaware Class Actions deposed a representative of Palomar's financial advisor, the Chief Executive Officer of Palomar, and a member of the Palomar Board of Directors who also served as Chairman of the M&A Committee. On May 17, 2013, the Massachusetts Superior Court ordered the Massachusetts Class Actions stayed in favor of the Delaware Class Actions;

WHEREAS, beginning on May 23, 2013, the parties to the Delaware Class Actions engaged in extensive and arm's-length good faith negotiations regarding a potential settlement of the Delaware Class Actions and the Delaware Plaintiffs' demands that Palomar stockholders be provided with further disclosure prior to the stockholder vote on the Merger;

WHEREAS, on June 3, 2013, the Delaware Plaintiffs filed a brief and declaration in support of a motion for preliminary injunction. Also on June 3, 2013, the parties to the Delaware Actions agreed to the principal terms of a settlement of the Delaware Actions. On June 7, 2013, the parties to the Delaware Actions entered into a Memorandum of Understanding ("Delaware Memorandum") memorializing their agreement-in-principle for the settlement of the Delaware

Actions, subject to approval by the Delaware Chancery Court. Thereafter, on June 10, 2013, Palomar filed with the SEC a Form 8-K containing certain supplemental disclosures to the final shareholder proxy materials previously filed with the SEC on May 23, 2013 (the "Proxy Materials");

WHEREAS, beginning on June 7, 2013, the parties to the Massachusetts Class Actions and the *Lax* Action (together, the "Massachusetts Actions") engaged in arm's-length good faith negotiations regarding a potential settlement of the Massachusetts Actions and the Massachusetts Plaintiffs' demands that Palomar stockholders be provided with further disclosure prior to the stockholder vote on the Merger. On June 14, 2013, the parties to the Massachusetts Actions entered into a Memorandum of Understanding ("Massachusetts Memorandum" and, together with the Delaware Memorandum, the "Settlement") memorializing their agreement-in-principle for the settlement of the Massachusetts Actions, subject to approval by the Delaware Chancery Court. Subsequently, on June 14, 2013, Palomar filed with the SEC a Form 8-K containing additional supplemental disclosures to the Proxy Materials;

WHEREAS, Plaintiffs' counsel expects to file the documents in support of the Settlement for the Delaware Chancery Court's review and preliminary and final approval within the next thirty days. Plaintiffs will petition the Delaware Chancery Court for a fee award, which Defendants have reserved their right to oppose.

WHEREAS, in view of the Settlement, the Parties agree that a stay of these proceedings is appropriate and would avoid the potentially wasteful expenditure of party and judicial resources, pending court approval of the Settlement;

NOW THEREFORE, the Parties, through their respective undersigned counsel, hereby stipulate, pursuant to the terms of the Settlement, and subject to the Court's approval, as follows:

I.      Plaintiff shall voluntarily stay all claims asserted in his Complaint;

II.  Defendants need not answer or otherwise respond to the Complaint; and

III.  Plaintiff shall voluntarily dismiss the Complaint on or before final approval of the Settlement by the Delaware Court of Chancery.

The Parties further agree that this Joint Stipulation shall be without prejudice to Plaintiff's right to seek to pursue his claims in the event that the motion for final approval of the Settlement is denied by the Delaware Court of Chancery. The Parties further agree that this Joint Stipulation shall be without prejudice to Defendants' right to move to stay or dismiss the claims asserted in the Complaint in the event the stay is lifted for any reason.

Dated: August 5, 2013

FOR PLAINTIFF MELVIN LAX

/s/Thomas G. Shapiro
Thomas G. Shapiro
tshapiro@shulaw.com
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02108
617-439-3939

/s/ Benjamin Kaufman
Gregory Mark Nespole
nespole@whafh.com
Benjamin Y. Kaufman
kaufman@whafh.com
Martin E. Restituyo
restituyo@whafh.com
Wolf Haldenstein Adlaer Freeman
& Herz LLP
270 Madison Avenue
New York, NY 10016
(212) 545-4600

FOR DEFENDANTS PALOMAR MEDICAL TECHNOLOGIES, INC., JOSEPH CARUSO, LOUIS P. VALENTE, JEANNE COHANE, DAMIAN N. DELL'ANNO, NICHOLAS P. ECONOMOU, JAMES G. MARTIN, AND A. NEIL PAPPALARDO

/s/ Daniel W. Halston
Daniel W. Halston (BBO# 548692)
Daniel.Halston@wilmerhale.com
Nolan J. Mitchell (BBO# 668145)
Nolan.Mitchell@wilmerhale.com
Andrew S. Dulberg (BBO# 675405)
Andrew.Dulberg@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr
   LLP
60 State Street
Boston, MA 02109
(617) 526-6000

FOR DEFENDANTS CYNOSURE, INC. AND COMMANDER ACQUISITION LLC F/K/A COMMANDER ACQUISITION CORP.

/s/ Richard J. Rosensweig
Richard J. Rosensweig (BBO# 639547)
rrosensweig@goulstonstorrs.com

4

David M. Zucker (BBO# 684800)
dzucker@goulstonstorrs.com
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, MA 02110
(617) 482-1776

**IT IS SO ORDERED.**

Dated: _____, 2013

_____
Honorable Mark L. Wolf, U.S.D.J.

## CERTIFICATE OF SERVICE

I, Daniel W. Halston, certify that on August 5, 2013, I caused a copy of this Stipulation and Joint Motion to be served on all counsel electronically via the Court's ECF system.

>	/s/ Daniel W. Halston
>	Daniel W. Halston